GLENN EDWARD WISNIEWSKI & DEBBIE ANN WISNIEWSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wisniewski v. Commissioner
Docket No. 11895-88.
United States Tax Court
T.C. Memo 1989-60; 1989 Tax Ct. Memo LEXIS 60; 56 T.C.M. (CCH) 1227; T.C.M. (RIA) 89060; February 9, 1989. Glenn E. & Debbie A. Wisniewski, pro se. Philip J. Starr, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special *61 Trial Judge Larry L. Nameroff pursuant to section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) of the Code [1] and Rule 180 et seq. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. A notice of deficiency was mailed to petitioners at their last known address on March 18, 1987. The petition herein was filed on May 31, 1988. In the petition it is stated: Sometime in February the 90 day letter was supposedly sent to me certified receipt at my home in Diamond Bar. Debbie is now my ex-wife as the marriage became bificated [sic] Dec. 1987. I could not of [sic] attended any certified mail pickup because I didn't know if her attorney was trying to serve me with something. This has been attempted before and my attorney in the divorce dissolution stated *62 that it was better to avoid certified mail (than only from that law firm but also from various bill collectors). Petitioners also argue in the petition that they had been denied their constitutional rights to an Appeals conference. Petitioners filed a document styled "motion to move forward to be heard," which the Court filed as petitioners' objection to respondent's motion to dismiss. In their objection, petitioners raise four arguments: 1) that the notice of deficiency is barred by the statute of limitations for the taxable years 1981 and 1983; 2) that the notice of deficiency differs from the report of the revenue agent; 3) that petitioners' protest letter was not submitted to the Court for review; and, 4) that discovery is needed to validate the assessment of taxes. In response to an order of the Court, respondent filed a response to petitioners' objection to respondent's motion to dismiss alleging facts in defense of the statute of limitations allegations and reiterating his allegations as to the untimeliness of the petition. Finally, in response to an order of the Court, petitioner filed "Petitioners' Response" alleging: (1) petitioners did not receive the notice of deficiency; *63 (2) respondent knew that petitioners did not receive the notice of deficiency and did not attempt to provide petitioners with actual notice; and (3) petitioners were misled by the actions and statements of respondent's agents. From the numerous documents that accompanied petitioners' filings, it appears that petitioners were being examined during 1984 and 1985 with regard to their taxable years 1981 through 1983. After the issuance of the revenue agent's report early in 1985, petitioners filed a protest to have their case heard by respondent's Appeals division. A perfected protest was subsequently filed with respondent in September of 1985. Thereafter, petitioners did not hear from respondent until after assessment of the liabilities. In 1988, petitioners engaged in correspondence with respondent's Problem Resolution office and Service Center in connection with these taxable years. Section 6213(a) permits the filing of petitions with this Court within 90 days after the mailing of the notice of deficiency. The time provided for filing a petition with this Court is jurisdictional and cannot be extended. Failure to file within the prescribed period requires that the petition *64 be dismissed for lack of jurisdiction. . Section 6212(a) provides that the Secretary is authorized to send the notice of deficiency to the taxpayer by certified or registered mail. Section 6212(b)(1) provides that a notice of deficiency shall be sufficient if mailed to the taxpayer at his last known address even if such taxpayer is deceased or under a legal disability. Proper mailing, not receipt, is all section 6212(b)(1) requires. , cert. denied ; ; , affd. without published opinion . Therefore, it is irrelevant whether petitioners received the notice of deficiency. However, it is clear that the reason petitioners did not receive the notice of deficiency is that Mr. Wisniewski refused all certified mail. Petitioners complain that if respondent had mailed the notice of deficiency by first class mail instead of by certified *65 mail, then petitioners would have received the notice in due course. Respondent did all the statute required him to do and was not required to do anything further. The fact that the certified mailing was returned to respondent unclaimed does not change the conclusion. The notice of deficiency is valid and the petition is untimely. Petitioner also argues that the notice of deficiency was issued after expiration of the statute of limitations for the years 1981 through 1983. These assertions are a defense at bar and not a plea to the jurisdiction of this Court. ; . In order to determine whether respondent's actions were barred by the statute of limitations, we must first have jurisdiction over the case. Inasmuch as we do not have jurisdiction, we cannot reach that issue. Petitioners allege that the notice of deficiency differs from the revenue agent's report. As a general rule, the Court will not look behind a notice of deficiency to examine the motives, administrative policies, or procedures of respondent in making a determination. , *66 and cases cited therein; . The rationale for this conclusion is that a trial before this Court is a proceeding de novo and our determination must be based upon the merits of the case as presented here and not upon a record as previously developed at the administrative level. . Moreover, petitioners' allegation also goes to the merits of the case, which we cannot reach in view of our lack of jurisdiction. Whether petitioners were denied the right to an Appeals conference or whether petitioners' protest letter was improperly not submitted to the Court for review is irrelevant. Taxpayers do not have any constitutional right to an Appeals conference and a denial of such a conference to taxpayers does not invalidate a subsequently issued notice of deficiency. It is well established that respondent's failure to provide an Appeals conference does not violate petitioner's right to due process. , affd. without published opinion ; , *67 affd. per curiam . Finally, without jurisdiction, this Court cannot consider any matters with regard to discovery or possible misleading statements by respondent's agents. For reasons set forth above, respondent's motion will be granted. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1986. All Rule references are to the Tax Court Rules of Practice and Procedure.↩